UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALEX RANDELL,<br>Petitioner, | : | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2254 |
| v. | : | |
| CLAYTON COUNTY JAIL,<br>Respondent. | : | CIVIL ACTION NO.<br>1:13-CV-3938-TWT-LTW |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner was confined at the Clayton County Jail in Jonesboro, Georgia when he filed this action. Petitioner is now confined at Telfair State Prison in Helena, Georgia. *See* Ga. Dep't of Corr., http://www.dcor.state.ga.us/GDC/OffenderQuery (last visited June 9, 2014).

Petitioner filed two actions in this Court shortly after he was convicted of kidnaping and other crimes in the Superior Court of Clayton County. *See id.* In the first action, Petitioner submitted a motion for new trial and a motion for hearing that bore the caption of the criminal case in superior court. *See* Order and R&R, *Randell v. Georgia*, No. 1:13-cv-3845-TWT-LTW (N.D. Ga. Nov. 21, 2013). The Court dismissed that action without prejudice because it could not rule on the motions and because Petitioner could not seek federal habeas relief given that he had not exhausted his state remedies. *Id.*; Order, *Randell*, No. 1:13-cv-3845-TWT-LTW (Dec. 20, 2013).

In this second action, the Clerk docketed as a complaint under 42 U.S.C. § 1983 a letter Petitioner submitted regarding his state criminal case. (Doc. 1.) Petitioner complains in the letter of a jail inmate who was placed in the same housing unit as Petitioner and then testified against Petitioner at his criminal trial. (*Id.*) Petitioner contends that he is entitled to a new trial because he would not have been convicted without the other inmate's testimony. (*Id.*)

Petitioner's letter, like his filings in the first action, is properly construed as a request for habeas relief because he again challenges his judgment of conviction. But as the Court informed Petitioner in the first action, Petitioner cannot obtain habeas relief in federal court until he exhausts all available state remedies for challenging his judgment of conviction. *See* 28 U.S.C. § 2254(b)(1); *Brown v. Estelle*, 530 F.2d 1280, 1282-83 (5th Cir. 1976); *Tooten v. Shevin*, 493 F.2d 173, 175-77 (5th Cir. 1974) (state pre-trial detainee required to go through trial and direct appeal before seeking federal habeas relief). Petitioner has not shown that he has exhausted all state remedies in the few months since he was convicted.

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE**. The Court **GRANTS** Petitioner leave to

proceed *in forma pauperis* for purposes of dismissal only. The Court **DIRECTS** the Clerk to change the docket to reflect that this is a habeas case under 28 U.S.C. § 2254 and to change Petitioner's address to Telfair State Prison.

**SO ORDERED & RECOMMENDED**, this 9 day of June, 2014.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)